### Bernard Trust

*Griffith, Kurtz & Harvey*, for respondent.
*Edward S. Lower*, for petitioner.

MacElree, P. J., October 22, 1957. — The above entitled matter is before this court on petition for citation and answer of respondent, the facts not being the subject of dispute.

## Findings of Fact

1. F. Bernard, settlor, now deceased, a widower, with children, under date of January 3, 1930, executed a written trust agreement, as follows:

"F. BERNARD D. D. S. TRUST AGREEMENT

"KNOW ALL MEN BY THESE PRESENTS, that I, F. Bernard, D. D. S. of Kennett Square, Chester County, Pennsylvania, in consideration of the sum of One Dollar to me paid by The Kennett Trust Company of Kennett Square, aforesaid (hereinafter called the trustee) the receipt of which is acknowledged, do hereby sell, transfer and set over unto the said trustee the sum of Four thousand ($4,000.) Dollars in trust, to hold and to invest the same, collect and receive the income, dividend or profits, reinvest and keep invested the principal and, after paying from the income all lawful costs, charges, taxes, commissions and expenses incident to the management of said trust, then to pay over the principal as follows:

"First: the trustee shall pay the net income unto Louisa (Lutie) Newlin, quarterly, for the term of her life.

"Second: On the death of the said Louisa Newiln, the principal shall be paid to said F. Bernard, if he be living.

"Third: If the said F. Bernard should predecease the said Louisa Newlin, then on the death of the said Louisa Newlin, the principal shall be paid unto Helen B. Swayne, Franklin Bernard and Charles Bernard, children of the said F. Bernard, share and share alike. If any of the said children should be deceased, leaving issue, the issue shall receive the share of the parent.

"IN WITNESS WHEREOF, I have hereunto set my hand and seal this 3rd day of January, 1930.
"Mary B. Pusey
"Beulah E. Webb      F. Bernard D. D. S. (SEAL)"

2. The then Kennett Trust Company of Kennett Square duly accepted said trust.

3. Louisa Newlin, life beneficiary named in the foregoing agreement, died July 21, 1933.

4. Subsequent to the death of the said Louisa Newlin, settlor executed the following instrument:

"Louisa Newlin, beneficiary herein, having died 7/21/33, I hereby authorize National Bank and Trust Company of Kennett Square, successor to the Kennett Trust Company, to hold the above mentioned fund in trust and to pay the net income to me for the term of my life, and, on my death I authorize and direct it to pay the principal to my six grandchildren, as follows: J. B. Swayne, Jr., Jane Swayne, H. Chandler Bernard, Richard N. Bernard, Merritt Bernard and Marian Bernard, share and share alike.

"Witness my hand and seal this 8th day of Sept. 1933.

F. Bernard D. D. S. (SEAL)
WITNESS PRESENT:

Charles Bernard"

5. Settlor, on or about October 16, 1937, was married to one Ellen P. Bernard.

6. By an instrument dated October 16, 1937, settlor provided as follows:

"I, F. BERNARD, D. D. S. the settlor in the foregoing trust agreement, do hereby modify and change the same in manner following: I direct my trustee, on my death, to pay the income to my wife, Ellen P. Bernard, for the term of her life, if she survive me and in all respects, I reaffirm said trust agreement as orig-

inally made and as modified in writing endorsed there-on, September 8, 1933.

"WITNESS my hand and seal this 16th day of October, 1937.

F. Bernard D. D. S. (SEAL)

WITNESSES PRESENT: ·
A. M. Larmore
Samuel B. Harlan"

Which modification was accepted as follows:

"Modification as above accepted this 16th day of October, 1937.

National Bank and Trust Company
of Kennett Square, Trustee,
By: Samuel B. Harlan,
Asst. Trust Officer."

7. F. Bernard died February 16, 1939.

8. After the death of F. Bernard, during a period from June 28, 1939, until April 8, 1943, the trustee paid the income from said trust to Ellen P. Bernard.

9. Since April 8, 1943, no payments of income have been made to Ellen P. Bernard.

10. No notice of·intent to terminate said payments was ever given to Ellen P. Bernard.

11. At some date undisclosed by the pleadings, the trustee, without any adjudication thereof, determined that the trust was terminated and distributed the principal thereof "among the remaindermen named therein."

12. No account has ever been filed by the accountant.

### Discussion

The sole question now before this court is whether National Bank and Trust Company of Kennett Square, trustee as above set forth, should be required to file an account.

The accountant, in its answer, avers that it was under no duty to give notice to petitioner for the reason

that petitioner had no standing to question the termination of the trust and the distribution of principal thereunder.

Counsel for the accountant, in the brief filed, states the question as follows:

"Under the Answer so filed, said Bank raises the question as to whether the Petitioner is entitled to an accounting at this time, pointing out that the attempted modification of said trust agreement dated October 16, 1937, is invalid and of no effect and did not therefor create any rights in the Petitioner. Said Answer states the said Bank's position to be that since the most recent modification was an attempt to modify the prior trust without the consent of all parties concerned, to wit, the grandchildren, remaindermen thereunder, it was void and no effect and that Petitioner acquired no rights thereunder."

The tenor of the answer and the position of counsel, in the opinion of the court, indicates a misconception by the trustee of its duty and responsibility.

Section 301 of the Orphans' Court Act of August 10, 1951, P. L. 1163, provides, as follows:

"The orphans' court shall have exclusive jurisdiction of: . . . Inter Vivos Trusts. The administration and distribution of the real and personal property of inter vivos trusts whether created before or after the effective date of this act. . . ."

Section 981 of the Fiduciaries Act of April 18, 1949, P. L. 512, provides, as follows:

"A trustee *shall* file an account of his administration at the termination of the trust. . . ."

Section 983 of the said act provides:

"The provisions concerning accounts, audits, reviews, distributions and rights of distributees in trust estates shall be the same as those set forth in this

act for the administration of a decedent's estate, with regard to the following:

"1. Notice to parties in interest, as in section 703."

Section 703 of the Fiduciaries Act provides:

"The personal representative shall give written notice of the filing of his account and of its call for audit or confirmation to every unpaid claimant who has given written notice of his claim to the personal representative or his attorney of record, and to every other person *known to the accountant* to have an interest in the estate as beneficiary, heir, or next of kin."

The interest of Ellen P. Bernard was well known to this accountant.

While the accountant can make and did make distribution at its own risk without the filing, audit or confirmation of its account, upon proper demand being made, it can be required and should be required to comply with the mandatory provisions of the statute as to the filing of an account so that there may be an orderly administration and adjudication as provided by statute and so that all parties in interest or claimants may have an opportunity to be heard.

The accountant was a mere stakeholder and no reported authority is cited by counsel, and this court certainly knows of no such authority, authorizing the judgment of a fiduciary, even under the advice of counsel, to be substituted for the mandatory provisions of the act requiring an adjudication by the court.

*Order*

And now, to wit, October 22, 1957, the National Bank and Trust Company of Kennett Square, trustee under trust agreement of F. Bernard of January 3, 1930, amended September 8, 1933, and October 16, 1937, is ordered and directed to file an account as trustee, in accordance with the provisions of the Fiduciaries Act of April 18, 1949, as amended.